# EXHIBIT 2

THE CIRCUIT COURT OF <u>SEBASTIAN</u>  COUNTY, ARKANSAS

<u>CIVIL</u> DIVISION [Civil, Probate, etc.]

RYAN MILLER
_____

Plaintiff

VI

v.

No. CV - 2021 - 461

TITAN INTERNATIONAL, INC., and
TITAN TIRE CORPORATION

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Titan Tire Corporation, Reg. Agent:
Michael G. Troyanovich
2701 Spruce Street
Quincy, IL 62301

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

Shawn Daniels, Daniels Law Firm, PLLC, 129 West Sunbridge Dr. Fayetteville, AR 72703
_____

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 1

**Additional Notices Included:** _____

_____

_____

**CINDY GILMER**

CLERK OF COURT

Address of Clerk's Office

**CIRCUIT CLERK**
P. O. BOX 1179
FORT SMITH, AR 72902

[Signature of Clerk or Deputy Clerk]

Date: _____ **JUN 2 9 2021** _____

[SEAL]

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 2

No. _____ **This summons is for** _____ (*name of Defendant*).

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to

him/her; or

☐ On _____ [date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____[name and job description]; or

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 3

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

_____

My fee is $ _____.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 4

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
      [signature of server]

_____
      [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

      _____

      Phone: _____

Subscribed and sworn to before me this date: _____

      Notary Public _____

My Commission Expires: _____

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 5

Additional information regarding service or attempted service:

_____

_____

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 6

THE CIRCUIT COURT OF <u>SEBASTIAN</u>   COUNTY, ARKANSAS

<u>CIVIL</u> DIVISION [Civil, Probate, etc.]
VI

RYAN MILLER
_____

Plaintiff

v.                                             No. _CV-2021-461_

TITAN INTERNATIONAL, INC., and
TITAN TIRE CORPORATION
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Titan International
Reg. Agent:  The Corporation Trust Company
Corporation Trust Center 1209 Orange Street
Wilmington, Delaware 19801

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

Shawn Daniels, Daniels Law Firm, PLLC, 129 West Sunbridge Dr. Fayetteville, AR 72703
_____

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 7

**Additional Notices Included:** _____

_____

_____

**CINDY GILMER**

CLERK OF COURT

Address of Clerk's Office

CIRCUIT CLERK
P. O. BOX 1179
FORT SMITH, AR 72902

*[Signature]*

[Signature of Clerk or Deputy Clerk]

Date: _____ **JUN 2 9 2021** _____

[SEAL]

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 8

No. _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by_____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to

him/her; or

☐ On _____ [date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____[name and job description]; or

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 9

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____

_____

_____

_____

_____

_____

My fee is $ _____.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 10

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
     [signature of server]

_____
     [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____
[printed name]

Address: _____

     _____

     Phone: _____

Subscribed and sworn to before me this date: _____

     Notary Public _____

My Commission Expires: _____

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 11

Additional information regarding service or attempted service:

_____

_____

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 12

FILED
FT. SMITH DIST.
2021 JUN 29 AM 8 35
CIR CLERK SEB CO

**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS**
**CIVIL DIVISION** VI

**RYAN MILLER**                                                    **PLAINTIFFS**

**v.**                                   Case No. CV-2021-461

**TITAN INTERNATIONAL, INC. and**
**TITAN TIRE CORPORATION**                                         **DEFENDANTS**

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Ryan Miller and for his complaint alleges and states as follows:

## NATURE OF ACTION

This is an action against the defendants whose conduct proximate cause the injuries to

Ryan Miller.

## PARTIES

1.      Ryan Miller is a resident of Greenwood, Sebastian County, Arkansas.

2.      Defendant Titan International, Inc (Titan International) is a publicly traded,

Delaware corporation.

3.      Defendant Titan Tire Corporation (Titan Tire) is a foreign corporation, organized

and existing under the laws of the state of Illinois. The registered agent for service in Illinois for

Titan Tire is Michael G Troyanovich, located at 2701 Spruce Street, Quincy, Illinois 62301.

Titan Tire is, upon information and belief, a wholly owned subsidiary of Titan International.

4.      Defendant Titan International is a foreign corporation, organized and existing

under the laws of the state of Delaware.  The registered agent for service in Delaware for Titan

International is The Corporation Trust Company, located at Corporation Trust Center 1209

Orange Street, Wilmington, Delaware 19801.

1

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 13

5.      Titan Tire and Titan International are designers and manufacturers of tires, including off-road or "rock buggy" tires. (Titan Tire and Titan International will be referred to collectively as " Titan " unless one or the other is specifically being referenced).

6.      Titan  touts themselves as leaders in these off-road tires:

- Quality service and customized products have made Titan International Inc. one of the largest manufacturers — as well as a global leader — of off-the-road tires and wheels.

- Titan Tire Corporation, a subsidiary of Titan International Inc., is one of the largest manufacturers of off-the-road tires in North America. We manufacture Titan and Goodyear Farm Tires brands for agriculture, construction, mining, forestry as well as ATV/UTV vehicles.

- Like our wheel technology, it's easy to find a tire that fits your equipment and applications because our factories in Illinois, Ohio and Iowa produce tires ranging from 6 to 72.5 inches in diameter. You can rely on us for quality craftsmanship, effective tread designs and excellent durability because they're hallmarks of our entire product line.

7.      At all times relevant to this action, Titan engaged in the design, manufacture, assembly, and distribution of off-road tires.  Titan sold and distributed these tires in Arkansas and throughout the United States.  Titan's commercial aim is to bring its products into the state of Arkansas, including the subject tire, which caused the injury to Ryan Miller.

8.      Titan engaged in the distribution of its tires into the state of Arkansas, including through distributors, who offer for sale Titan tires to citizens of Arkansas, including Ryan Miller.

2

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 14

9.      Titan manufactures, distributes, sells and places Titan's off-road tires in the
stream of commerce in the state of Arkansas under its Titan and Goodyear brands, including
distributing, selling and placing in the stream of commerce, their off-road tires in the state of
Arkansas.

10.     Titan Tire and Titan International directly markets and sells their tires through
many Arkansas dealers, to include, but not necessarily be limited to the following:

TITAN DEALERS IN NORTH AMERICA:

1.  LONOKE COUNTY CO-OP

    5406 HWY 70 E
    Lonoke, AR 72086
    (501) 676-3139

2.  BLUE SEAL PETROLEUM (DEWITT)

    1715 S WHITEHEAD DR
    DEWITT, AR 72042
    (870) 946-2281

3.  BOBBY HENARD

    308 EAST CYPRESS P.O. BOX 608
    BRINKLEY, AR 720210608
    870-734-1044

4.  BOBBY HENARD, INC.

    308 E CYPRESS ST
    BRINKLEY, AR 72021
    870-734-1044

5.  TRI COUNTY SFA (MARIANNA)

    Hwy 1 South
    Marianna, AR 72360
    (870) 295-2777

6.  FARMERS SUPPLY / WALDENBERG

3

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 15

Hwy. 49 South
Waldenburg, AR 72475
(870) 579-2203

7. FARMERS SUPPLY (HARRISBURG)

16240 Hwy 14E
Harrisburg, AR 72432
870-578-268

8. FARM SERVICE INC.

1106 SW Front St
Walnut Ridge, AR 72476
(870) 886-3820

## JURISDICTION AND VENUE

11.     This court has personal jurisdiction over the parties pursuant to Ark. Code Ann. §

16-4-101. This court has subject matter jurisdiction in the action pursuant to the amendment 82

the Arkansas Constitution.

12.     Pursuant to Ark. Code Ann. § 16-60-101, venue is proper in that the events and

injuries complained of herein occurred in Sebastian County, Arkansas.

## FACTS

13.     Titan engaged in the continuous, systematic, and substantial business activities in

state of Arkansas, by delivering, selling, marketing, and advertising its tires to dealers, and

customers in Arkansas.

14.     Through continuous, systematic, and substantial contacts in Arkansas, Titan

purposely availed themselves of the privilege of conducting business in Arkansas and established

sufficient minimum contacts with Arkansas, which subjects Titan to the jurisdiction of Arkansas

courts.  Hailing Titan into court in Arkansas, where their tires were placed into the stream of

4

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 16

commerce, and where their product failed, as well as where the injuries and damages complained of herein occurred, comports with traditional notions of fair play and substantial justice.

15.     Ryan Miller, at the time of his injuries, was a self-employed mechanic, welder, and builder of custom rock buggies.

16.     Ryan Miller custom builds off-road vehicles or "rock buggies" for customers throughout Arkansas and the surrounding states.  These rock buggies are equipped with off-road tires that are necessary to traverse the rocky terrain upon which these vehicles are operated.

17.     In addition to building rock buggies for customers, Ryan Miller owns and operates rock buggies for his own personal use and enjoyment.

18.     In late April or early May of 2019, Ryan Miller purchased four new 46 X 15.50-17NHS, USD Sticky (manufactured by Titan) tires from Kryptonite Kustoms, a retailer and distributor of these specialized Titan rock buggy tires located in Bossier City, Louisiana.

19.     These tires were manufactured during the 8th week of 2019.

20.     Kryptonite, the seller of the subject tire, by and through its agents or employees met Ryan Miller in Hot Springs, Arkansas, at which time the four rock buggy tires were sold and delivered to Ryan Miller. The purchase, delivery, and payment for the tires took place in Hot Springs, Arkansas.

21.     Among the four tires purchased by Ryan Miller, was the defective and unreasonably dangerous subject tire.  The defective and unreasonably dangerous subject tire caused the injuries and damages to Ryan Miller. This defective tire is identified as:  DOT # PK939MA8 0819.

5

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 17

22.     On or about May 14, 2019, Ryan Miller was mounting the (brand new) subject Titan tire on a two-piece wheel to be placed on one of his rock buggies.

23.     The two-piece wheel was such that the Titan tire did not have to be mounted on the wheel in the traditional sense, as with a one-piece wheel. Rather, the two-piece wheel had two halves that were to be bolted together through the interior diameter of the tire. Accordingly, no prying or force was required to mount the tire on a two-piece wheel.

24.     Once the two-piece wheel had been affixed together with the Titan tire mounted on it, Ryan Miller began to inflate the tire.

25.     During the inflation process, the bead on the Titan tire failed, due to its defective and unreasonably dangerous condition, together with its poor design and manufacturing, causing devastating injuries to Ryan Miller's dominant right hand, including the traumatic amputation of a finger, as well as loss of use of much of his right hand.

26.     The Titan tire was defective and unreasonably dangerous in that the bead utilized by Titan was what is referred to as a "weftless bead". The design and manufacture of this weftless bead resulted in a tire that was defective and unreasonably dangerous.

27.     The weftless bead was first introduced and utilized in the United States decades ago, dating back to 1924. The weftless bead typically consists of individual wires being wound into a bundle with a starting point and a termination point that is referred to as a splice.

6

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 18



28.      It has long been known in the tire and rubber industry that the weftless bead is weaker

and more prone to failure than the single wire bead or other bead designs that do not have these

splices.  The subject Titan tire with the weftless bead was even more dangerous at the splice

points than ordinary tires with weftless beads because its splice points did not overlap and were

not wrapped.  Tires with weftless beads are prone to failure at the splice points. Failing to wrap

the splice points is grossly negligent for a tire manufacturer in 2019, given the history and wealth

of information about the dangers of the weftless bead design.

7

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 19

29.     Titan chose to utilize the weaker, and less expensive weftless bead, and chose not to wrap the splice points, rather than utilizing the stronger, more durable, and safer single wire bead. These choices of Titan, although it may have increased Titan's profits by using the cheaper bead design and manufacturing, unleashed a tire that was unnecessarily dangerous and prone to failure.

30.     It was technologically feasible to utilize a safer bead design than the old, outdated weftless bead selected by Titan.

## COUNT I – STRICT LIABILITY/PRODUCT LIABILITY/FAILURE TO WARN

31.     Ryan Miller incorporates and adopts the preceding allegations as if fully set forth herein.

32.     At all times material hereto, Titan was in the business of designing, manufacturing, assembling, supplying, selling, distributing, and placing into the stream of commerce these off-road vehicle tires.

33.     Titan chose to design, manufacture, assemble, install, inspect, sell, distribute, and/or place into the stream of commerce these off-road tires without a safe bead design.

34.     Titan chose to design, manufacture, assemble, supply, sell, distribute and/or place into the stream of commerce the subject off-road tire without performing any, or without performing adequate, testing and/or inspection of the weftless bead prior to Titan releasing these tires for sale to the public.

35.     Titan's tires are used by the general public, including Ryan Miller, without the user's awareness or knowledge of the dangerous condition and/or nature of this product and its

8

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 20

weak bead design.  Further, users of said Titan tires, including Ryan Miller, have no knowledge and awareness of the unreasonably dangerous and defective design, manufacture, assembly, and inadequate warnings regarding these off-road tires.

36.     Titan specifically markets its' off-road tires for use on the type of off-road vehicle for which Ryan Miller purchased such tires.

37.     Titan knew that its tires, such as the subject off-road tire, were being sold to customers like Ryan Miller.

38.     When placed into the stream of commerce, the subject tire was defective in design, manufacture, and assembly, and unreasonably dangerous for its intended and foreseeable use, for reasons including but not limited to:

    a.  the design and/or manufacturer and/or assembly of the tire was inadequate and defective in that it utilized a weak and outdated bead, the weftless bead, as opposed to other safer and feasible bead designs and manufacturing options.

    b.  The design and/or manufacture and/or assembly of the subject tire was inadequate and dangerous in that the weftless bead is more susceptible to fail and result in catastrophic injuries than the other bead designs and manufacture in use today.

    c.  The design and/or manufacture and/or assembly of the subject tire was inadequate and defective in that there were economically feasible design alternatives that would have provided a safe bead that would not have failed during a typical and foreseeable inflation process.

    d.  The subject tire did not adequately warn a foreseeable user, such as Ryan Miller, that the bead utilized by Titan in the manufacture of the subject tire, was the

9

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 21

weaker and more dangerous weftless bead design and construction.  Furthermore, Titan did not warn a user, such as Ryan Miller, that due to this weak design and defective manufacturing, the inflation process of the subject tire was much more dangerous than would be contemplated by a foreseeable user, as the weak weftless bead is more prone to fail during the inflation process, thereby typically causing catastrophic injuries to the user. Titan failed to adequately warn a user, such as Ryan Miller, that, because of the dangerous weftless bead, extra precautions need to be taken during the inflation process, such as making sure the user is a great distance away from the tire while inflating, given the propensity of the weftless bead to fail during this process. Titan and the tire industry, as a whole, have been aware of this propensity of the weftless bead to fail and cause injuries during inflation, yet Titan continues to manufacture its tires with the cheaper weftless beads and continues to fail to warn buyers and users of its tires of this danger.

39.     Titan knew, or with the exercise of reasonable care, should have known that the subject tire was unsuitable for placement into the stream of commerce given its dangerous and defective condition.

40.     At the time Titan placed the subject tire into the stream of commerce, there were adequate alternative design considerations available that were not rendered impractical or non-feasible by state-of-the-art technology, or prohibitive in cost, that would have insured a safe bead that would not fail during a typical and foreseeable inflation process.

10

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 22

41.     In fact, Titan chose to design, manufacture, assemble, install, supply, sell distribute, and/or place into the stream of commerce the subject tire with the unreasonably dangerous and defective weftless bead.

42.     The safer single wire bead design, and other bead designs, have been in use for decades, in large part, to prevent these dangerous bead failures that occurred with the weftless bead.  In fact, the majority of tires built today by other tire manufacturers utilize the safer single wire design or other bead choices, as opposed to the antiquated and less safe weftless bead.

43.     Although safer bead designs and options were available, Titan chose to manufacture the subject tire with the cheaper and less expensive weftless bead.

44.     Titan chose to save money with respect to the bead component of the subject tire by manufacturing it with the weftless bead rather than the single wire bead or feasible alternative beads, or wrapping the splice points. These other bead designs and/or wrapping splices may well be slightly more expensive, but are much safer.

45.     Titan failed to provide any adequate warnings or instruction manuals with their tires that would have warned the user that Titan utilized the weftless bead, and that as a consequence of choosing the less safe and more dangerous bead design, that extra precaution should be taken during the inflation process.

46.     Ryan Miller was unaware of the defects of the subject tire that made it unsafe for its intended and foreseeable use.

47.     At all times material hereto, Ryan Miller exercised reasonable care and used the subject tire in its intended and foreseeable manner. The subject tire was in substantially the same condition as when Titan designed, assembled, manufactured, sold, and placed the tire into the

11

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 23

stream of commerce. In fact, the subject tire was brand new and had not been mounted onto a wheel and had not been inflated prior to the subject incident.

48.    As a direct and proximate result of Titan's failures in the design, manufacture, assembly, testing, inspecting, and failing to warn the intended of the subject tire's defective condition before placing it into the stream of commerce, Ryan Miller suffered and will continue to suffer injuries and damages as set forth more fully in the DAMAGES and PUNITIVE DAMAGES section below.

## COUNT II – NEGLIGENCE

49.    Ryan Miller incorporates and adopts the preceding allegations as if set forth fully herein.

50.    Titan owed a duty of care to buyers and users of its tires, including Ryan Miller, to include, but not be limited to, the design and manufacture of its tires in a reasonably safe manner, and to adequately warn or advise users of its tires, of dangers of which they may be unaware.

51.    Titan breached its duty to buyers and users of its tires, and breached its duty to Ryan Miller, by designing and manufacturing the subject tire with the dangerous weftless bead, and by failing to warn users of its tires, including Ryan Miller, of these dangers. Titan furthermore breached its duty of care to Ryan Miller, by choosing to design and manufacture the subject defective tire with the weaker weftless bead, that was much more likely to fail and cause injuries during the inflation process than available alternative bead designs.

12

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 24

52.     Titan's breach of its foregoing duties to Ryan Miller and other foreseeable users of its tires, directly and proximately caused injuries and damages to Ryan Miller, the same being more particularly described in the DAMAGES and PUNITIVE DAMAGES sections below.

<u>COUNT III-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY</u>

53.     Ryan Miller incorporates and adopts the preceding allegations as if set forth fully herein.

54.     Titan is a merchant dealing in tires and goods, and holds themselves out as having knowledge or skill particular to tires and off-road tires, and Titan is in the business of designing, manufacturing, assembling, inspecting, supplying, selling, and distributing tires and placing tires into the stream of commerce.

55.     As merchants dealing in tires, Titan impliedly warranted the subject tire as being fit for the ordinary purpose for which it was designed and manufactured, and impliedly warranted that the subject tire was safe to be used by the general public, including Ryan Miller.

56.     The subject tire was unfit for the ordinary purpose for which it was designed and manufactured, at the time Titan placed the tire into the stream of commerce.  Such unfit condition was a direct and proximate cause of Ryan Miller's injuries.

57.     Ryan Miller used the tire for its ordinary purpose, and was a person whom Titan would reasonably expect to use its tires.

58.     Titan breached the implied warranty of merchantability when it placed the subject tire, in its defective, dangerous, and unfit condition for its intended and foreseeable use, into the stream of commerce.

13

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 25

59.     Ryan Miller has placed Titan on notice of these claims for breach of implied warranty of merchantability in compliance with Arkansas law.

60.     As a direct and proximate result of Titan's breach of the implied warranty of merchantability, Ryan Miller suffered injuries.

DAMAGES

61.     Ryan Miller incorporates and adopts the preceding allegations as if fully set forth word-for-word herein.

62.     As a direct and proximate result of Titan's acts and omissions, Ryan Miller suffered the following injuries and damages:

  a.  Bodily injuries, including but not limited to, complete loss of the 5th digit, limited use of remaining fingers of his dominant hand, and continued pain and loss of use of his right hand;

  b.  Acute pain and suffering;

  c.  Pain and suffering that will continue;

  d.  Mental anguish, grief and emotional distress;

  e.  Decreased quality of life;

  f.  Past and future medical bills and other related expenses;

  g.  Permanent scarring and disfigurement;

  h.  Ryan Miller's injuries are continuing and permanent in nature;

  i.  Past and future lost wages;

  j.  Disability;

  k.  Loss of earning capacity;

  l.  Attorney fees and costs.

PUNITIVE DAMAGES

14

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 26

63.     Ryan Miller incorporates and adopts the preceding allegations as if fully set forth word-for-word herein.

64.     Titan placed the subject tire into the stream of commerce in a defective and unreasonably dangerous condition for its intended and foreseeable use.   As tire designers, manufacturers, marketers, and distributors with particular knowledge, skill, and expertise, Titan knew or, with the exercise of reasonable care, should have known, that the tire was unsuitable for placement into the stream of commerce given its dangerous and defective condition.

65.     Titan knew of inexpensive, feasible, widely available, and safer design and manufacturing processes (to include, but not be limited to, overlapping and wrapping splices and/or single-wire bead construction) than the design of the bead of its choice, yet willfully chose not to utilize such safer alternatives.

66.     Titan chose to save money in the manufacturing costs of the subject tire, designed and manufactured the subject tire with a weftless bead, and failed to utilize feasible safety components that would have prevented the very injuries sustained by Ryan Miller.

67.     Titan willfully chose not to utilize a safer bead despite being aware of these safer beads and despite safer beads being used by other tire designers and manufacturers.

68.     Titan knew or ought to have known, in light of the surrounding circumstances, that its' conduct would naturally and probably result in injury and it continued such conduct in reckless disregard of the consequences from which malice may be inferred.

69.     As such, substantial punitive damages should be assessed against Titan in an amount sufficient to punish them and deter others from such future reckless conduct, with such amount properly left to the sound discretion of the jury.

15

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 27

## JURY TRIAL DEMAND

70.    Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays for judgment against Titan International, Inc. and Titan Tire, jointly and severally, in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, compensatory damages, punitive damages, pre-and post-judgment interest, and for all other relief to which she may prove entitled.

Respectfully Submitted,

By: *Shawn Daniels*
Shawn Daniels, AR Bar No. 99126
**DANIELS LAW FIRM, PLLC**
129 West Sunbridge Drive
Fayetteville, AR 72703
Phone: (479) 521-7000
Fax: (479) 695-1120
shawn@danielsfirm.com

and

Jerry Kelly, AR Bar No 84-085
**Kelly Law Firm, P.A.**
118 N. Center St.
Lonoke, AR 72086
Phone: (501) 676-5770
Fax: (501) 676-7807
jerry@kellylawfirm.net

16

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 28

## AFFIDAVIT OF SERVICE

FILED
FT. SMITH DIST.

2021 JUL 19 P 12: 29
*Patty Henderson*
CIR. CLERK SEB. CO.
Civil Court

| | |
|---|---|
| State of Arkansas | County of SEBASTIAN |

Case Number: CV-2021-461

Plaintiff:
**RYAN MILLLER**

vs.

Defendant:
**TIAN INTERNATIONAL, INC., AND TITAN TIRE CORPORATION**

For:
DANIELS LAW FIRM, PLLC
129 WEST SUNBRIDGE DR
FAYETTEVILLE, AR 72703

Received by Big River Investigations on the 16th day of July, 2021 at 10:09 am to be served on **TITAN TIRE CORPORATION REGISTERED AGENT, 2701 SPRUCE ST, QUINCY, IL 62301**.

I, GARY MUSHOLT, being duly sworn, depose and say that on the **16th day of July, 2021** at **1:10 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **TY STEINMAN** as **PARALEGAL** for **TITAN TIRE CORPORATION**, at the address of: **2701 SPRUCE ST, QUINCY, IL 62301**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: HISPANIC, Height: 5'2, Weight: 170, Hair: BROWN, Glasses: N

I certify that I am over the age of 21, have no interest in the above action, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 16th day of July, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

ELIZABETH A RILEY
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 3, 2023

**GARY MUSHOLT**
Process Server

**Big River Investigations**
437 North 9th Street
Quincy, IL 62301
(217) 228-9114

Our Job Serial Number: BRI-2021001054

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 29

## AFFIDAVIT OF SERVICE

| Case:<br>CV-2021-461 | Court:<br>The Circuit Court of Sebastian Couty, Arkansas | Job:<br>5893512 |
|---|---|---|
| Plaintiff / Petitioner:<br>Ryan Miller | | Defendant / Respondent:<br>Titan International, Inc. and Titan Tire Corporation |
| Received by:<br>Harris Investigations, LLC | | For:<br>Daniels Law Firm PLLC |
| To be served upon:<br>Titan International Reg Agent: The Corporation Trust Company | | |

I, Joseph McCarty, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Titan International Reg Agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801

**Manner of Service:** Registered Agent, Jul 16, 2021, 9:57 am EDT

**Documents:** Summons and Complaint (Received Jul 14, 2021 at 11:05pm EDT)

**Additional Comments:**
1) Successful Attempt: Jul 16, 2021, 9:57 am EDT at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 received by Titan International Reg Agent: The Corporation Trust Company. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 5'6"; Hair: Brown; Eyes: Other;
Intake Specialist Patrick Duffy gave me my receipts for my legal paperwork

_____      7-16-21
Joseph McCarty                        Date

Harris Investigations, LLC
PO Box 304
Lansdale, Pa 19446
610-633-8480

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 30

## AFFIDAVIT OF SERVICE

FILED
FT. SMITH DIST

*[handwritten stamp]* AUG ... P 2:47
CIR. CLERK SEB. CO.

**State of Arkansas**                    **County of SEBASTIAN**

Case Number: CV-2021-461

Plaintiff:
**RYAN MILLLER**

vs.

Defendant:
**TIAN INTERNATIONAL, INC., AND TITAN TIRE CORPORATION**

For:
DANIELS LAW FIRM, PLLC
129 WEST SUNBRIDGE DR
FAYETTEVILLE, AR 72703

Received by Big River Investigations on the 16th day of July, 2021 at 10:09 am to be served on **TITAN TIRE CORPORATION REGISTERED AGENT, 2701 SPRUCE ST, QUINCY, IL 62301**.

I, GARY MUSHOLT, being duly sworn, depose and say that on the **16th day of July, 2021 at 1:10 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **TY STEINMAN** as **PARALEGAL** for **TITAN TIRE CORPORATION**, at the address of: **2701 SPRUCE ST, QUINCY, IL 62301**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: HISPANIC, Height: 5'2, Weight: 170, Hair: BROWN, Glasses: N

I certify that I am over the age of 21, have no interest in the above action, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 16th day
of July, 2021 by the affiant who is personally known
to me

NOTARY PUBLIC

ELIZABETH A RILEY
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 3, 2023

**GARY MUSHOLT**
Process Server

**Big River Investigations**
**437 North 9th Street**
**Quincy, IL 62301**
**(217) 228-9114**

Our Job Serial Number: BRI-2021001054

Copyright © 1992-2021 Database Services, Inc - Process Server's Toolbox V8.1u

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 31

## AFFIDAVIT OF SERVICE

| Case:<br>CV-2021-461 | Court:<br>The Circuit Court of Sebastian Couty, Arkansas | Job:<br>5893512 |
|---|---|---|
| **Plaintiff / Petitioner:**<br>Ryan Miller | | **Defendant / Respondent:**<br>Titan International, Inc. and Titan Tire Corporation |
| **Received by:**<br>Harris Investigations, LLC | | **For:**<br>Daniels Law Firm PLLC |
| **To be served upon:**<br>Titan International Reg Agent: The Corporation Trust Company | | |

I, Joseph McCarty, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Titan International Reg Agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801

**Manner of Service:** Registered Agent, Jul 16, 2021, 9:57 am EDT

**Documents:** Summons and Complaint (Received Jul 14, 2021 at 11:05pm EDT)

**Additional Comments:**
1) Successful Attempt: Jul 16, 2021, 9:57 am EDT at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 received by Titan International Reg Agent: The Corporation Trust Company. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 5'6"; Hair: Brown; Eyes: Other;
Intake Specialist Patrick Duffy gave me my receipts for my legal paperwork

_____  7-16-21
Joseph McCarty       Date

Harris Investigations, LLC
PO Box 304
Lansdale, Pa 19446
610-633-8480

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 32

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
CIVIL DIVISION

RYAN MILLER                                                    PLAINTIFFS

v.                                    Case No. CV-2021-461

TITAN INTERNATIONAL, INC. and
TITAN TIRE CORPORATION                                        DEFENDANTS

## MOTION FOR DEFAULT JUDGMENT

COMES NOW, Plaintiff, Ryan Miller, by and through his undersigned counsel, Shawn Daniels of

Daniels Law Firm, PLLC and pursuant to Rule 55 of the Arkansas Rules of Civil Procedure, brings

his motion for default judgment against separate defendant, Titan International, Inc. In support of

this motion, Plaintiff would show the court as follows:

1.      This action was filed on June 29, 2021, as a result of injuries and other damages

sustained by Ryan Miller on or about May 14, 2019.

2.      Service was accomplished on separate defendant Titan International Inc. on July

16, 2021.

3.      Proof of service was filed on July 19, 2021. (See Ex. A).

4.      Separate defendant Titan International's answer was due on or before July 16, 2021.

5.      As of the filing of this motion for default, separate defendant Titan International

Inc. has failed to answer or appear, and accordingly, is in default.

6.      Rule 55 of the Arkansas Rules of Civil Procedure states:

"When a party against whom a judgment for affirmative relief is sought has failed

to plead or otherwise defend as provided by these rules, judgment by default may be entered

by the Court."

1

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 33

7. Rule 12 of the Arkansas Rules of Civil Procedure requires that an answer be filed within 30 days of service of the summons and complaint:

    a. "A defendant shall file his or her answer within 30 days after the service of the summons and complaint upon him or her."

8. More than 30 days have elapsed since service of the summons and complaint on separate defendant Titan International Inc., and he is therefore in default.

9. Plaintiff is entitled to default judgment against separate defendant Titan International Inc. as a matter of law.

WHEREFORE, Plaintiff Ryan Miller prays this Court grant his motion for default judgment against separate defendant Titan International Inc., and for all other relief deemed just and proper.

Respectfully submitted,

Ryan Miller, *Plaintiff*

By:    */s/ Shawn Daniels*
          Shawn Daniels, AR Bar No. 99126
          William Haslam, AR Bar No. 2020089
          **DANIELS LAW FIRM, PLLC**
          129 West Sunbridge Drive
          Fayetteville, AR 72703
          Phone: (479) 521-7000
          Fax: (479) 695-1120
          shawn@danielsfirm.com

          and

          Jerry Kelly, AR Bar No 84-085
          **Kelly Law Firm, P.A.**
          118 N. Center St.
          Lonoke, AR 72086
          Phone: (501) 676-5770

2

EXHIBIT 2 to NOTICE OF REMOVAL PAGE 34

Fax: (501) 676-7807
jerry@kellylawfirm.net

3

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 35

## AFFIDAVIT OF SERVICE

FILED
FT. SMITH DIST
2021 JUL 19 P 12: 29
(Petty Henderson)
CIR. CLERK SEB. CO.
Civil Court

**State of Arkansas**                    **County of SEBASTIAN**

Case Number: CV-2021-461

Plaintiff:
**RYAN MILLLER**

vs.

Defendant:
**TIAN INTERNATIONAL, INC., AND TITAN TIRE CORPORATION**

For:
DANIELS LAW FIRM, PLLC
129 WEST SUNBRIDGE DR
FAYETTEVILLE, AR 72703

Received by Big River Investigations on the 16th day of July, 2021 at 10:09 am to be served on **TITAN TIRE CORPORATION REGISTERED AGENT, 2701 SPRUCE ST, QUINCY, IL 62301.**

I, GARY MUSHOLT, being duly sworn, depose and say that on the **16th day of July, 2021 at 1:10 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **TY STEINMAN** as **PARALEGAL** for **TITAN TIRE CORPORATION**, at the address of: **2701 SPRUCE ST, QUINCY, IL 62301**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: HISPANIC, Height: 5'2, Weight: 170, Hair: BROWN, Glasses: N

I certify that I am over the age of 21, have no interest in the above action,  in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 16th day
of July, 2021 by the affiant who is personally known
to me.

NOTARY PUBLIC

ELIZABETH A RILEY
Official Seal
Notary Public · State of Illinois
My Commission Expires Nov 3, 2023

**GARY MUSHOLT**
Process Server

**Big River Investigations**
437 North 9th Street
Quincy, IL 62301
(217) 228-9114

Our Job Serial Number: BRI-2021001054

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

# AFFIDAVIT OF SERVICE

| Case:<br>CV-2021-461 | Court:<br>The Circuit Court of Sebastian Couty, Arkansas | Job:<br>5893512 |
| --- | --- | --- |
| Plaintiff / Petitioner:<br>Ryan Miller | | Defendant / Respondent:<br>Titan International, Inc. and Titan Tire Corporation |
| Received by:<br>Harris Investigations, LLC | | For:<br>Daniels Law Firm PLLC |
| To be served upon:<br>Titan International Reg Agent: The Corporation Trust Company | | |

I, Joseph McCarty, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Titan International Reg Agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801

**Manner of Service:** Registered Agent, Jul 16, 2021, 9:57 am EDT

**Documents:** Summons and Complaint (Received Jul 14, 2021 at 11:05pm EDT)

**Additional Comments:**
1) Successful Attempt: Jul 16, 2021, 9:57 am EDT at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 received by Titan International Reg Agent: The Corporation Trust Company. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 5'6"; Hair: Brown; Eyes: Other;
Intake Specialist Patrick Duffy gave me my receipts for my legal paperwork

_____  7-16-21
Joseph McCarty              Date

Harris Investigations, LLC
PO Box 304
Lansdale, Pa 19446
610-633-8480

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 37

FILED
FT SMITH DIST.

2021 AUG 24 PM 2 05

CIR. CLERK SEB. CO.

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
CIVIL DIVISION

RYAN MILLER                                                      **PLAINTIFFS**

v.                                    Case No. CV-2021-461

TITAN INTERNATIONAL, INC. and
TITAN TIRE CORPORATION                                          **DEFENDANTS**

## AMENDED MOTION FOR DEFAULT JUDGMENT

COMES NOW, Plaintiff, Ryan Miller, by and through his undersigned counsel, Shawn Daniels of

Daniels Law Firm, PLLC and Jerry Kelly of Kelly Law Firm, P.A., and pursuant to Rule 55 of the

Arkansas Rules of Civil Procedure, brings his motion for default judgment against separate

defendant, Titan International, Inc. In support of this motion, Plaintiff would show the court as

follows:

1.      This action was filed on June 29, 2021, as a result of injuries and other damages

sustained by Ryan Miller on or about May 14, 2019.

2.      Service was accomplished on separate defendant Titan International Inc. on July

16, 2021.

3.      Proof of service was filed on July 19, 2021. (See Ex. A).

4.      Separate defendant Titan International's answer was due on or before August 15,

2021.

5.      As of the filing of this motion for default, separate defendant Titan International

Inc. has failed to answer or appear, and accordingly, is in default.

6.      Rule 55 of the Arkansas Rules of Civil Procedure states:

1

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 38

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the Court."

7.      Rule 12 of the Arkansas Rules of Civil Procedure requires that an answer be filed within 30 days of service of the summons and complaint:

a.      "A defendant shall file his or her answer within 30 days after the service of the summons and complaint upon him or her."

8.      More than 30 days have elapsed since service of the summons and complaint on separate defendant Titan International Inc., and he is therefore in default.

9.      Plaintiff is entitled to default judgment against separate defendant Titan International Inc. as a matter of law.

WHEREFORE, Plaintiff Ryan Miller prays this Court grant his motion for default judgment against separate defendant Titan International Inc., and for all other relief deemed just and proper.

Respectfully submitted,

Ryan Miller, *Plaintiff*

By:     */s/ Shawn Daniels*
        Shawn Daniels, AR Bar No. 99126
        William Haslam, AR Bar No. 2020089
        **DANIELS LAW FIRM, PLLC**
        129 West Sunbridge Drive
        Fayetteville, AR 72703
        Phone: (479) 521-7000
        Fax: (479) 695-1120
        shawn@danielsfirm.com

        and

2

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 39

Jerry Kelly, AR Bar No 84-085
**Kelly Law Firm, P.A.**
118 N. Center St.
Lonoke, AR 72086
Phone: (501) 676-5770
Fax: (501) 676-7807
jerry@kellylawfirm.net

3

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 40

## **AFFIDAVIT OF SERVICE**

FILED
FT. SMITH DIST

2021 JUL 19 P 12:29
Petty Henderson
CIR. CLERK SEB. CO.
**Civil Court**

**State of Arkansas**                    **County of SEBASTIAN**

Case Number: CV-2021-461

Plaintiff:
**RYAN MILLLER**

vs.

Defendant:
**TIAN INTERNATIONAL, INC., AND TITAN TIRE CORPORATION**

For:
DANIELS LAW FIRM, PLLC
129 WEST SUNBRIDGE DR
FAYETTEVILLE, AR 72703

Received by Big River Investigations on the 16th day of July, 2021 at 10:09 am to be served on **TITAN TIRE CORPORATION REGISTERED AGENT, 2701 SPRUCE ST, QUINCY, IL 62301.**

I, GARY MUSHOLT, being duly sworn, depose and say that on the **16th day of July, 2021 at 1:10 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **TY STEINMAN** as **PARALEGAL** for **TITAN TIRE CORPORATION**, at the address of: **2701 SPRUCE ST, QUINCY, IL 62301,** and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: HISPANIC, Height: 5'2, Weight: 170, Hair: BROWN, Glasses: N

I certify that I am over the age of 21, have no interest in the above action, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 16th day
of July, 2021 by the affiant who is personally known
to me.

NOTARY PUBLIC

ELIZABETH A RILEY
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 3, 2023

**GARY MUSHOLT**
Process Server

**Big River Investigations**
437 North 9th Street
Quincy, IL 62301
(217) 228-9114

Our Job Serial Number: BRI-2021001054

Copyright © 1992-2021 Database Services, Inc - Process Server's Toolbox V8.1u

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 41

# AFFIDAVIT OF SERVICE

| Case:<br>CV-2021-461 | Court:<br>The Circuit Court of Sebastian Couty, Arkansas | Job:<br>5893512 |
|---|---|---|
| Plaintiff / Petitioner:<br>Ryan Miller | | Defendant / Respondent:<br>Titan International, Inc. and Titan Tire Corporation |
| Received by:<br>Harris Investigations, LLC | | For:<br>Daniels Law Firm PLLC |
| To be served upon:<br>Titan International Reg Agent: The Corporation Trust Company | | |

I, Joseph McCarty, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Titan International Reg Agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801

**Manner of Service:** Registered Agent, Jul 16, 2021, 9:57 am EDT

**Documents:** Summons and Complaint (Received Jul 14, 2021 at 11:05pm EDT)

**Additional Comments:**
1) Successful Attempt: Jul 16, 2021, 9:57 am EDT at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 received by Titan International Reg Agent: The Corporation Trust Company. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 5'6"; Hair: Brown; Eyes: Other;
Intake Specialist Patrick Duffy gave me my receipts for my legal paperwork

_____  7-16-21
Joseph McCarty      Date

Harris Investigations, LLC
PO Box 304
Lansdale, Pa 19446
610-633-8480

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 42

FILED
FT SMITH DIST.

2021 AUG 27 AM 8 47

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS CLERK SEB. CO.
**CIVIL DIVISION**

**RYAN MILLER**                                            **PLAINTIFFS**

v.                                    **Case No. CV-2021-461**

**TITAN INTERNATIONAL, INC. and**
**TITAN TIRE CORPORATION**                           **DEFENDANTS**

**PLAINTIFF'S VOLUNTARY MOTION FOR NON-SUIT**

COMES NOW, Plaintiff, Ryan Miller, by and through his attorneys of record, Shawn B.

Daniels of Daniels Law Firm, PLLC and Jerry Kelly of Kelly Law Firm, P.A., and submits his

voluntary Motion for Non-Suit of Titan Tire Corporation, without prejudice to re-filing under Rule

41 of the Arkansas Rules of Civil Procedure.

WHEREFORE, Plaintiff Ryan Miller, respectfully requests that his Motion for Non-Suit

be granted for Titan Tire Corporation.

> Respectfully submitted,
> Ryan Miller

> By: */s/ Shawn Daniels*
> Shawn Daniels, AR Bar No. 99126
> Daniels Law Firm, PLLC
> 129 West Sunbridge Drive
> Fayetteville, AR 72703
> Phone: (479) 521-7000
> Fax: (479) 437-2007
> shawn@danielsfirm.com

> and

> Jerry Kelly, AR Bar No 84-085
> **Kelly Law Firm, P.A.**
> 118 N. Center St.
> Lonoke, AR 72086
> Phone: (501) 676-5770
> Fax: (501) 676-7807
> jerry@kellylawfirm.net

1

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 43

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2021, a copy of the foregoing was sent via mail to the following:

Titan Tire Corporation
2701 Spruce St.,
Quincy, IL 62301

/s/ Shawn Daniels
Shawn Daniels

2

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 44

FILED
FT. SMITH DIST.

2021 AUG 30 P 3: 28

**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY,** CIR. CLERK *Glenda Hing*
**ARKANSAS CIVIL DIVISION**

**RYAN MILLER**                                              **PLAINTIFF**

**v.**                        **CASE NO. CV-2021-461**

**TITAN INTERNATIONAL, INC.**
**And TITAN TIRE CORPORATION**

                                                            **DEFENDANTS**

### ORDER GRANTING PLAINTIFF'S VOLUNTARY
### MOTION FOR NON-SUIT WITHOUT PREJUDICE

Upon the Voluntary Non-Suit without Prejudice by Plaintiff Ryan Miller, it is hereby

GRANTED and ORDERED that Plaintiff's claims against Titan Tire Corporation, are hereby

dismissed without prejudice pursuant to Rule 41 of the Arkansas Rules of Civil Procedure.

_____
Circuit Judge

ORDER PREPARED BY:
Shawn Daniels, AR Bar No. 99126
**Daniels Law Firm, PLLC**
129 W. Sunbridge Dr.
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007
shawn@danielsfirm.com

and

Jerry Kelly, AR Bar No 84-085
**Kelly Law Firm, P.A.**
118 N. Center St.
Lonoke, AR 72086
Phone: (501) 676-5770
Fax: (501) 676-7807

1

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 45

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2021, a copy of the foregoing was sent via mail to the following:

Titan Tire Corporation
2701 Spruce St.,
Quincy, IL 62301

/s/ *Shawn Daniels*
Shawn Daniels

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 46



SEBASTIAN COUNTY COURTHOUSE
901 S. B STREET
FORT SMITH, ARKANSAS 72901

TELEPHONE: 479-782-3035
FACSIMILE: 479-784-1537
GMAGNESS@CO.SEBASTIAN.AR.US

**Greg Magness**
CIRCUIT JUDGE · DIVISION VI
**TWELFTH JUDICIAL DISTRICT**

**STACY CARTER**
TRIAL COURT ADMINISTRATOR
SCARTER@CO.SEBASTIAN.AR.US

**LISA BUCKLES**
COURT REPORTER
LBUCKLES@CO.SEBASTIAN.AR.US

September 9, 2021

Shawn Daniels, Esq.
(via email shawn@danielsfirm.com)

Titan International, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

RE:  Ryan Miller v. Titan International, et al
Sebastian County Circuit Court, Case No. CV-2021-461 (VI)

Dear Parties:

This letter is to inform you that this case has been **set** for a **HEARING** on the AMENDED MOTION FOR DEFAULT JUDGMENT **on THURSDAY, SEPTEMBER 30, 2021 at 11:30 A.M.** in **Courtroom 203** of the Sebastian County Courts Building located at 901 S. "B" Street, **Fort Smith, Arkansas.**

It is the policy of this court not to grant continuances unless it is requested immediately after the case has been set for hearing.  Your cooperation in this matter is greatly appreciated.

Thank you for your attention to this matter.

Sincerely,

Stacy Neumeier

Stacy Neumeier
Certified Court Manager
sneumeier@co.sebastian.ar.us

cc:   Circuit Clerk
      Court Administrator

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 47



**Greg Magness**
CIRCUIT JUDGE - DIVISION VI,
TWELFTH JUDICIAL DISTRICT
SEBASTIAN COUNTY COURTHOUSE
901 S. B STREET, STE. 203
FORT SMITH, ARKANSAS 72901

FILED
FT. SMITH DIST
2021 SEP 24 A 11: 50
CIR. CLERK SEB. CO.

Titan International, Inc.
1525 Kautz Road, Ste 600
West Chicago IL 60185

12/14/9 Mailed
#14 CU-21-461



**Greg Magness**
CIRCUIT JUDGE - DIVISION VI
TWELFTH JUDICIAL DISTRICT
SEBASTIAN COUNTY COURTHOUSE
901 S. B STREET, STE. 203
FORT SMITH, ARKANSAS 72901

Titan International, Inc.
Corproate Administrative Office
2701 Spruce Street
Quincy IL 62301

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 48



Titan International, Inc.
2345 E. Market Street
Des Moines Iowa 50317

**Greg Magness**
CIRCUIT JUDGE - DIVISION VI
TWELFTH JUDICIAL DISTRICT
SEBASTIAN COUNTY COURTHOUSE
901 S. B STREET, STE. 203
FORT SMITH, ARKANSAS 72901

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 49

FILED
FT SMITH DIST.

2021 SEP 30  AM 10 50

CIR. CLERK SEB. CO.

## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
### CIVIL DIVISION

RYAN MILLER                                                    PLAINTIFF

v.                              Case No. CV-2021-461

TITAN INTERNATIONAL, INC.                                     DEFENDANT

## RESPONSE IN OPPOSITION TO
## PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT

Titan International, Inc., for its opposition to plaintiff's amended motion for
default judgment, states:

### I.    INTRODUCTION

Plaintiff Ryan Miller's motion for default judgment against defendant Titan
International, Inc., should be denied. This Court's proper exercise of personal
jurisdiction over Titan International has not been, and cannot be, established. Also,
a meritorious defense to plaintiff's action exists. Finally, there has been no proper
demonstration of effective service of process of Titan International.

### II.    LAW

Arkansas law disfavors default judgments. *Divelbliss v. Suchor*, 311 Ark. 8,
13, 841 S.W.2d 600, 602 (1992); *Jurisdiction USA, Inc. v. Loislaw.com, Inc.*, 357 Ark.
403, 410, 183 S.W.3d 560, 564 (2004). Under Rule 55(a), "the entry of a default
judgment is discretionary rather than mandatory." Ark. R. Civ. P. 55, Addition to
Reporter's Notes, 1990 Amendment. The Arkansas Supreme Court has repeatedly

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 50

emphasized that Rule 55 "is more liberal in its treatment of default judgments and represents a preference for deciding cases on the merits rather than technicalities." *Divelbliss*, 311 Ark. at 13, 841 S.W.2d at 602; *JurisdictionUSA*, 357 Ark. at 410, 183 S.W.3d at 564. Here, default is improper because plaintiff has not established the Court has personal jurisdiction over Titan International; has not stated facts in his complaint upon which relief can be granted; and, has failed to meet his burden of proving he has successfully served the summons and complaint upon Titan International in accordance with the Arkansas Rules of Civil Procedure. Accordingly, any default judgment entered against Titan International would be void *ab initio*.

## III. ANALYSIS

### A. Personal Jurisdiction Over Titan International Does Not Exist.

Contrary to the allegations in plaintiff's complaint, Titan International did not "s[ell] and distribute[ off-road] tires in Arkansas," and neither did Titan Tire Corporation (formerly a defendant in this action). *See* Affidavit of Michael Troyanovich. Titan International's "commercial aim" is not "to bring its products into the state of Arkansas". *Id*. Titan International did not "engage[] in the distribution of its tires into the state of Arkansas, including through distributors". *Id*. Titan International does not "manufacture[], distribute[], sell[] and place[ its or Titan Tire Corporation's] off-road tires in the stream of commerce in the state of Arkansas". *Id*. Titan International does not "directly market[] and sell[] their tires through []any Arkansas dealers". *Id*. Titan International does not engage in the manufacture, distribution or sale of tires, including the tire described in plaintiff's Complaint. Titan

2

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 51

International, Inc., is a holding company, and its subsidiaries include Titan Tire Corporation (formerly a defendant in this action) and Titan Tire Corporation of Freeport. *Id.*

Furthermore, the tires described by plaintiff in his complaint, *e.g.*, Plaintiff's Complaint, ¶18, were not manufactured either by Titan International or by Titan Tire Corporation; instead, the tires described by plaintiff were manufactured by Titan Tire Corporation of Freeport. *Id.*

In relevant part, Arkansas's long-arm statute reads as follows:

PERSONAL JURISDICTION: The courts of this state shall have personal jurisdiction of all persons, and all causes of actions or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution.

*See* Ark. Code Ann. § 16-4-101(B). Therefore, in Arkansas, the exercise of personal jurisdiction is limited only by federal constitutional law. *Yanmar Co., Ltd. v. Slater*, 2012 Ark. 36, *3-4, 386 S.W.3d 439, 443.

Personal jurisdiction may not be exercised over Titan International in this case because it would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. "It has long been established that the Fourteenth Amendment limits the personal jurisdiction of state courts." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct 1773, 1779 (2017) (recognizing that "[b]ecause a state court's assertion of jurisdiction exposes defendants to the State's coercive power," the Fourteenth Amendment's Due Process Clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant.") (citations omitted). In interpreting the limits of due

3

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 52

process under the Fourteenth Amendment, the Supreme Court of the United States has stated that "[a] court may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The cases interpreting *International Shoe* have divided personal jurisdiction into two categories: general (or all-purpose) and specific (or case-related). *See id.* at 2787-88. According to the Supreme Court, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' so as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Alternatively, specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citation omitted). Neither general nor specific personal jurisdiction exists in the present case.

     1.    *This Court Does Not Have General Jurisdiction Over Titan International Because Titan International Cannot Be Fairly Regarded As Being At Home In Arkansas*

The Arkansas Supreme Court has previously lamented that "[t]he United States Supreme Court...has provided precious little authority to govern us on the due process limits on general jurisdiction." *Davis v. St. John's Health System, Inc.*, 348

4

EXHIBIT 2 to NOTICE OF REMOVAL    PAGE 53

Ark. 17, 25, 71 S.W.3d 55, 59 (2002). In the past decade, however, the decisions of the United States Supreme Court have made clear that general jurisdiction only exists over foreign corporations in "'instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Goodyear*, 131 S. Ct. at 2853. The paradigm for exercising general jurisdiction over a corporation is a place "in which the corporation is fairly regarded as at home," *i.e.*, its place of incorporation and its principal place of business. *Id.* at 2853-44 (citation omitted); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (also recognizing that the place of incorporation and the principal place of business are paradigm bases for general jurisdiction).

In *Goodyear*, a bus overturned outside of Paris, France, killing two boys from North Carolina. The parents filed a lawsuit against various foreign tire manufacturers, who subsequently moved to dismiss the claims on the basis that the North Carolina court lacked personal jurisdiction over them. The manufacturers were not registered to do business in North Carolina, did not have any business operations in North Carolina, did not design or manufacture their products in North Carolina, and did not solicit business in North Carolina. In reversing the lower courts' denial of the manufacturer's motion to dismiss, the United States Supreme Court held that general jurisdiction only exists where a corporation is fairly regarded as at home. *See Goodyear*, 131 S. Ct. at 2853-54. Moreover, the Court recognized that the "stream of commerce" analysis is inapplicable in determining whether

5

EXHIBIT 2 to NOTICE OF REMOVAL PAGE 54

general jurisdiction exists over a defendant. *See id.* at 2854-55. Based on the manufacturers' lack of connections with North Carolina, the Court held that North Carolina did not have general jurisdiction over the manufacturers and that the parents' claims should have been dismissed. *See id.* at 2857; *see also Daimler*, 134 S. Ct. at 760-61 (holding that a corporation is not subject to general jurisdiction in every state in which it engages in business).

Like the foreign manufacturers in *Goodyear*, Titan International cannot be fairly regarded as being "at home" in Arkansas and therefore this Court does not have general jurisdiction over Titan International. Most importantly, Titan International is a Delaware corporation with its principal place of business outside of Arkansas. Additionally, plaintiff does not clearly allege any relevant contacts Titan International has with Arkansas. It is insufficient for purposes of establishing general jurisdiction that an alleged Titan International product may have found its way to Arkansas (and, again, there is no clear allegation of that here). *See* re). *See Yanmar Co., Ltd. V. Slater*, 2012 Ark. 36, *7-10, 386 S.W.3d 439 445-47 (2012). There are no allegations that Titan International has such continuous and systematic contacts with this state so as to render it "at home" in Arkansas, Titan International is not subject to general personal jurisdiction in Arkansas, and plaintiff's claims against Titan International should be dismissed.

6

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 55

2. *This Court Does Not Have Specific Jurisdiction Over Titan International Because Titan International Does Not Have Sufficient Minimum Contacts To Be Subject To Jurisdiction In Arkansas And Any Such Contacts Are Not Related To This Action.*

In contrast to general jurisdiction, specific jurisdiction is "a more limited form of submission to a State's authority for disputes that 'arise out of or are connected with the activities within the state.'" *Nicastro*, 131 S. Ct. at 2787 (quoting *Int'l Shoe*, 326 U.S. at 319). In describing specific jurisdiction, the United States Supreme Court has stated:

> Where a defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, it submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State. In other words, submission through contact with and activity directed at a sovereign may justify specific jurisdiction in a suit arising out of or related to the forum.

*Id*. at 2788. Importantly, "it is not enough that the defendant might have predicted that its goods will reach the forum State." *Id*.

In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the United States Supreme Court engaged in an in-depth analysis of the "minimum contacts" necessary to create specific jurisdiction and particularly the primary role a non-resident defendant must play in creating them for purposes of due process. *Id*. at 1122. The jurisdictional issue in *Walden* arose from a Georgia Drug Enforcement Administration (DEA) agent seizing a substantial amount of cash from two Nevada residents while they were traveling through the Atlanta airport. *Id*. at 1119. The DEA officer prepared an affidavit showing probable cause for the forfeiture of those funds and forwarded it to

7

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 56

the U.S. Attorney General's office in Georgia, but no forfeiture action was ever filed and the DEA eventually returned the cash to the Nevada residents. *Id.* at 1119-1120. The couple subsequently filed a lawsuit against the Georgia DEA agent in Nevada and alleged that the agent was subject to personal jurisdiction in that forum because he seized the cash with knowledge that it would affect persons with a significant connection to Nevada. *Id.* at 1120.

The United States Supreme Court held that when viewed through the proper lens – *i.e.*, whether the defendant's actions connected him to the forum – specific personal jurisdiction did not exist because the actions of the Georgia DEA agent himself did not form any jurisdictionally relevant contacts with Nevada. *Id.* at 1124. The Supreme Court rejected the idea that the DEA agent's actions in Georgia could subject him to personal jurisdiction in Nevada simply because his conduct was allegedly directed at persons he knew to be connected with that forum. *Id.* at 1125. The fact that the allegedly injured plaintiffs were Nevada residents also failed to establish a sufficient connection for specific personal jurisdiction:

> Regardless of where a plaintiff lives or works, an injury is only jurisdictionally relevant insofar as it shows that the defendant has formed a contact with the forum State. **The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.** Respondents' claimed injury does not evince a connection between [the DEA agent] and Nevada. Even if we consider the continuation of the seizure in Georgia to be a distinct injury, it is not the sort of effect that is tethered to Nevada in any meaningful way. **Respondents (and only respondents) lacked access to their funds in Nevada not because anything independently occurred there, but because Nevada is where respondents chose to be at a time when they desired to use the funds seized by the [DEA agent].** Respondents would have experienced this same lack of access

8

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 57

> in California, Mississippi, or wherever else they might have traveled
> and found themselves wanting more money than they had. Unlike the
> broad publication of the forum-focused story in *Calder*, the effects of the
> [DEA agent's] conduct on respondents are not connected to the forum in
> a way that makes those effects a proper basis for jurisdiction.

*Id.* (emphasis added). In short, the rule from *Walden* is that the plaintiff cannot be the only link between the nonresident defendant and the forum state. *Id.* at 1122. Because that is precisely the case here, specific personal jurisdiction cannot be established over Titan International in Arkansas.

Titan International does not have the requisite minimum contacts with Arkansas to subject it to specific jurisdiction. Titan International is not licensed to do business in this state and has not engaged in any business activities related to this lawsuit in Arkansas. *See* Affidavit of Michael Troyanovich. The tires described in plaintiff's complaint were not manufactured by Titan International, and Titan International does not market or sell tires through Arkansas dealers. *Id.* Titan International's corporate relationship to the actual manufacturer of the tire (Titan Tire Corporation of Freeport) does not rise to the level of a random, fortuitous, and attenuated contact that would **still be insufficient to prove** purposeful availment by Titan International. *See, e.g., Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 248, 234 S.W.3d 838, 845 (2006) (holding that personal jurisdiction over the non-resident seller of an all-terrain vehicle (ATV) did not exist where the only relevant contact was that the underlying accident occurred in Arkansas due to a third party bringing the ATV into the state), overruled on other grounds by *Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, 569 S.W.3d 865 (2019) (overruling *Ganey* and

9

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 58

finding that if a circuit court's jurisdictional ruling is based on the complaint alone, or on the complaint supplemented by undisputed facts evidenced in the record, appellate review is de novo).

Even if Titan International did have sufficient minimum contacts with Arkansas (and it does not), any such contacts did not form the basis of this lawsuit and thus cannot establish specific jurisdiction. *See, e.g., Davis*, 348 Ark. at 25, 71 S.W.3d at 58. In the absence of the requisite minimum contacts with Arkansas, Titan International cannot be subject to specific jurisdiction and plaintiff's claims should be dismissed on those grounds.

3.  *The Facts Of This Case Do Not Satisfy Arkansas's Criteria For Determining Whether Sufficient Minimum Contacts Exist For Purposes Of Establishing Personal Jurisdiction*

The Arkansas Supreme Court has determined that the following criteria are necessary for personal specific jurisdiction:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from or relate to the defendant's contacts with the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable.

*Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, 9, 569 S.W.3d 865, 871 (2019). When analyzed according to the specific facts of this case, the absence of these criteria shows that any assertion of personal jurisdiction over Titan International is improper.

10

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 59

First, Titan International is a Delaware corporation with its principal place of business outside of Arkansas. The complaint makes no allegation that Titan International manufactured or sold the tires in Arkansas. Instead, as the complaint alleges, plaintiff purchased the tires in Bossier City, Louisiana. Plaintiff's Complaint, ¶18. As such, Titan International has not purposefully availed itself of the privilege of acting in Arkansas. Although plaintiff is a resident of Arkansas, the cause of action does not arise out of or relate to any contacts Titan International has with Arkansas. And, finally, the acts of Titan International have no "substantial enough connection" with Arkansas to make the exercise of personal jurisdiction over Titan International reasonable. Based on these criteria, Titan International lacks sufficient minimum contacts with Arkansas, and plaintiff's action against Titan International should be dismissed for want of personal jurisdiction.

## B.  Plaintiff's Claims Against Titan International Fail As A Matter Of Law.

Plaintiff's complaint fails to state facts upon which relief can be granted and therefore is insufficient; a default judgment based upon an insufficient complaint, like here, is void. *See, e.g., Nucor Corp. v. Kilman*, 358 Ark. 107, 127, 186 S.W.3d 720 (2004); *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 589, 510 S.W.2d 555 (1974); *Chase Home Finance, LLC, v. Charles*, 2010 Ark. App. 815.

Plaintiff's complaint does not allege facts sufficient to tie Titan International to the specific product, a tire, upon which plaintiff bases his claims for strict liability, negligence, and breach of implied warranty. Plaintiff's complaint alleges the subject tire was "manufactured by Titan," which is ambiguous considering plaintiff's

11

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 60

complaint purports to refer to Titan International and Titan Tire Corporation "collectively as 'Titan'". Plaintiff's Complaint, ¶¶6, 18.

While there may be insinuations in the complaint that Titan Tire International manufactured or distributed or sold the tire that plaintiff claims to have injured him, those statements are not made directly. Absent an allegation—even an inaccurate one—that Titan International manufactured or distributed or sold the tire which proximately caused damages to plaintiff, the complaint against Titan International fails to state facts upon which relief can be granted and should be dismissed. Ark. R. Civ. P. 12(b)(6); *see also generally Arkansas Civil Prac. & Proc.* § 14:7 (5th ed.) ("The moving party may challenge the factual sufficiency of the complaint, arguing that the pleader has not alleged enough factual information to permit the conclusion that he or she is entitled to recover.") (citations omitted).

## C. Plaintiff's Complaint Should Be Dismissed Because Of Insufficient Service of Process

It is axiomatic that Rule 4 of the Arkansas Rules of Civil Procedure "must be construed strictly, and compliance with its requirements must be exact. *See Shotzman v. Berumen,* 363 Ark. 215, 213 S.W.3d 13 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.,* 353 Ark. 701, 120 S.W.3d 525 (2003). The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Id.*" *Posey v. St. Bernard's Healthcare, Inc.,* 365 Ark. 154, 161–62, 226 S.W.3d 757, 763 (2006).

The proof of service filed by plaintiff identifies "Intake Specialist Patrick Duffy" as being the recipient of the summons and complaint. There is no indication of

12

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 61

whether Intake Specialist Patrick Duffy was authorized to accept service. Practically speaking, the Court cannot know that Duffy was authorized to accept service because the affidavit fails to establish this fact. By way of analogy, when service is made on a person connected with a defendant, it is not always proper for that person to accept service. *See, e.g., Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 562–63, 785 S.W.2d 220, 222 (1990) ("At the hearing on the motion to dismiss, the appellant failed to produce any evidence to show that Rowe, or any other proper person under Rule 4(d)(5), was served on behalf of F.C. Machine Works. Therefore, we affirm the trial court's finding that service of process was not proper."); *Clouse v. Ngau Van Tu*, 101 Ark. App. 260, 266, 274 S.W.3d 344, 348 (2008) ("[T]he circuit court here correctly held that his completed service was defective—because Dr. Clouse's office was not his residence and Mrs. Clouse was not his agent for service."); *see also Dobrick v. Hathaway*, 160 Cal. App. 3d 913, 207 Cal. Rptr. 50 (2d Dist. 1984) (finding insufficient service when the affidavit failed to set out facts from which the trial court could discern whether the recipient was of suitable age and discretion to receive process). For example, in *Branson v. Hiers*, 2021 Ark. App. 284, 625 S.W.3d 748, the plaintiff's process server attempted to serve separate defendant Alan Branson by serving Alan's brother and co-defendant. *Id*. at 2, 625 S.W.3d at 750. Yet, the Court of Appeals held service upon Alan was defective when the process server failed to indicate whether the brother was authorized to receive service on Alan's behalf. *Id*. at 7, 625 S.W.3d at 752 ("The process server did not indicate that she had served Alan by leaving the lawsuit papers with someone at Alan's residence who was at least

13

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 62

fourteen years old and lived at Alan's residence. The process server did not indicate that she served Alan via an authorized agent, and no evidence was presented to show that Ben was Alan's agent authorized to accept service.").

Similarly, in this instant action there is no *prima facie* showing of proper service because the affidavit filed by plaintiff did not provide specific information as to whether "Intake Specialist Patrick Duffy" had any sort of authorization. *Valley v. Helena Nat. Bank*, 99 Ark. App. 270, 274, 259 S.W.3d 461, 464 (2007) (plaintiff's submission of the proof of service constitutes "prima facie evidence that service was made as stated," but this is a presumption that can be rebutted); *but see McCoy v. Robertson*, 2018 Ark. App. 279, 14, 550 S.W.3d 33, 40 ("Here, there was never a prima facie case made as to proof of service [and] the burden remained on [the plaintiff] to prove [the defendant] was properly served with a summons and complaint, and [the plaintiff] failed to meet this burden.").

Plaintiff has not established effectuating proper service of the summons and complaint upon Titan International in accordance with Ark. R. Civ. P. 4. Accordingly, plaintiff's Complaint against Titan International should be dismissed pursuant to Ark. R. Civ. P. 12(b)(5).

## D.  Default Judgments Are Disfavored, And Titan International Stands Ready To Defend.

Because Arkansas law disfavors default judgments, "[i]n deciding whether to enter a default judgment, the [C]ourt should take into account the factors utilized by the federal courts, including: whether the default is largely technical and the defendant is now ready to defend; whether the plaintiff has been prejudiced by the

14

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 63

defendant's delay in responding; and whether the court would later set aside the default judgment under Rule 55(c)." Ark. R. Civ. P. 55, Addition to Reporter's Notes, 1990 Amendment. Each of these factors alone makes clear that a default is unwarranted and improper, and supports denying plaintiff's amended motion for a default judgment.

Default is justified when a defendant thumbs its nose at the judicial system and refuses to appear and defend itself. "Accordingly, default judgment usually is available 'only when the adversary process has been halted because of an essentially unresponsive party.'" *DirecTV, Inc. v. Agee*, 405 F. Supp. 2d 6, 9 (D.D.C. 2005) (quoting *Jackson v. Beech*, 636 F.3d 831, 836 (D.C. Cir. 1980)). In the present case, those circumstances do not exist. Plaintiff Ryan Miller claims the injury upon which his suit is based occurred in May 2019, and plaintiff filed suit more than two years later, on June 29, 2021. *See* Plaintiff's Complaint, ¶¶22-25. According to plaintiff, Titan International did not have notice of this action before July 16, 2021; now, merely, two-and-a-half months later, Titan International—having received notice of the first hearing in the case and presenting in opposition to this motion—stands ready to defend itself.

Courts in various jurisdictions have routinely refused to enter a default where a defendant has manifested an "intent to defend" against the lawsuit, even when the defendant did not file a timely answer. *See, e.g., JMC Construction LP v. Modular Space Corp.*, 2008 WL 4531819, at \*2 (N.D. Tex. Oct. 8, 2008); *Reiffin v. Microsoft Corp.*, 158 F.Supp.2d 1016, 1031-32 (N.D. Cal. 2001); *Mullins v. Wenciker*, 2009 WL

15

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 64

4507706, at \*2 (E.D. Cal. Dec. 3, 2009); *Murphy v. Simpson Dura-Vent Co., Inc.*, 2009 WL 458609 (S.D. Miss. Feb. 23, 2009); *Omoregie v. Boardwalk Auto Center, Inc.*, 2007 WL 3475868, at \*1 (N.D. Cal. Nov. 15, 2007); *Land, Air & Sea Transport v. El Nasr Mining Co.*, 2007 WL 2375813, at \*2 (S.D.N.Y. Aug. 16, 2007); *Burton v. Madix Store Fixtures*, 2006 WL 3247329, at \*2 (N.D. Tex. Nov. 9, 2006). An intent to defend is manifested not only by filing an answer; consideration should be given to whether a defendant actively participated in litigation, as opposed to simply ignoring the litigation altogether. *See, e.g., Reiffin*, 158 F. Supp. 2d at 1032 (filing motions to dismiss showed intent to defend); *Burton*, 2006 WL 3247329, at \* 2 (same); *Mullins*, 2009 WL 4507706, at \*2 (initiating settlement negotiations with plaintiff and failing to file responsive pleading was the result of excusable neglect).

In appearing in opposition to this amended motion for default judgment, Titan International has demonstrated its "intent to defend" this infant suit. This intent to defendant would render a default judgment against it merely technical, thereby strongly weighing against entry of a default judgment. "At this stage of the litigation, an entry of a default judgment is tantamount to a sanction." *Stewart Title Guaranty Co. v. Lockman*, 2008 WL 820359, at \*8 (W.D. Mich. 2008). Respectfully, there is no basis for imposing such a sanction here.

### E. Plaintiff Has Suffered No Prejudice.

Plaintiff has not suffered prejudice due to Titan International's claimed default. The litigation has just commenced. Indeed, as recently as August 30, 2021, plaintiff's dismissal of another original defendant in this action, Titan Tire

16

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 65

Corporation, was effectuated by Order of this Court. This is not a case in which "the adversary process has been halted because of an essentially unresponsive party." *Jackson*, 636 F.2d at 836. Plaintiff is in no worse a position, procedurally or substantively, than he was in the two years between the incident from which this suit arises and his filing suit or at any point since filing his complaint. Because there is no prejudice to plaintiff, this factor clearly weighs against the entry of a default judgment.

### F. Rule 55(c) Would Support Setting Aside Any Default Judgment Entered.

The third factor this Court should weigh in determining whether to enter a default—whether a default judgment would later be set aside under Rule 55(c)—also strongly weighs against the entry of a default judgment. Under Rule 55(c), a default judgment may be set aside (1) upon a showing of "mistake, inadvertence, surprise, or excusable neglect"; (2) because "the judgment is void"; or, (3) for "any other reason justifying relief from the operation of the judgment". The party "seeking to have the judgment set aside must demonstrate a meritorious defense to the action". Ark. R. Civ. P. 55(c). Because Titan International would satisfy the necessary showings, this Court should deny plaintiff's amended motion for a default judgment.

As discussed *supra*, personal jurisdiction over Titan International has not been demonstrated, and therefore any default judgment would be void. Furthermore, because Titan International has a meritorious defense to this action, this would constitute a "reason justifying relief from the operation of a default judgment.

17

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 66

For these reasons, Rule 55(c) strongly urges against the entry of a default judgment. A default judgment would be inappropriate under the facts of this case and would directly conflict with the Arkansas Supreme Court's preference for deciding cases on their merits. Plaintiff's amended motion should therefore be denied.

### G.  Even If Titan International Is In Default (It Is Not), Plaintiff Is Not Entitled To An Award Of Punitive Damages.

Assuming, *arguendo*, that Titan International is in default (it is not), awarding Plaintiff punitive damages would be improper because Plaintiff has failed to meet the requisite standard necessary to prove he is entitled to punitive damages. In Arkansas:

> [i]n order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> (1)    The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred;
>
> (2)    The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

*See* Ark. Code Ann. § 16-55-206. Put another way, "it must appear that the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the consequences, from which malice may be inferred." *Wheeler v. Carlton*, No. 3:06-CV-68 GTE, 2007 WL 30261, at *8 (E.D. Ark. Jan. 4, 2007). "Negligence, however gross,

18

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 67

will not support . . . an award" of punitive damages in Arkansas. *Edwards v. Stills*, 335 Ark. 470, 484, 984 S.W.2d 366, 373 (1998). Moreover, "Arkansas requires that, to obtain punitive damages, the plaintiff must prove that standard by clear and convincing evidence." *Chism v. CNH Am. LLC*, No. 2:07-CV-150 JLH, 2009 WL 890523, at *2 (E.D. Ark. Mar. 30, 2009) (citing Ark. Code Ann. § 16-55-207).

As a matter of law, Titan International's actions do not rise to the level of malice requisite to justify punitive damages in this case. Plaintiff's complaint does not distinguish between the conduct of Titan International and the former defendant Titan Tire Corporation, and there are no patent allegations that any conduct of Titan International proximately caused injury to plaintiff. To argue then that Titan International knew that its conduct "would naturally or probably result in injury" and that it "continued such conduct in reckless disregard of the consequences from which malice could be inferred" is to argue that Titan International was consciously indifferent

A court does not need to allow the issue of punitive damages to be tried just because a claim is pleaded. In *Perry v. Stevens Transp., Inc.*, No. 3:11CV00048 JLH, 2012 U.S. Dist. LEXIS 94942, at *4 (E.D. Ark. July 9, 2012), the plaintiff brought an action against a trucking company when one of the company's drivers caused his truck to collide with the plaintiff's vehicle at a truck stop, injuring the plaintiff. The plaintiff claimed the defendant was negligent in hiring, training, supervising, and retaining the driver, because the driver had been involved in six previous accidents while employed with the company, yet the company continued to employ him and

19

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 68

allow him to drive a truck. Such negligence, the plaintiff claimed, amounted to malice, conscious indifference, and reckless disregard for public safety because the defendant permitted its driver to drive, even though it knew or should have known, given the driver's past driving record, that his driving would likely result in serious harm to the public.

However, the *Stevens Transp.* court granted summary judgment to the defendant on the issue of punitive damages because the plaintiff did not provide evidence that would allow a reasonable jury to find that (1) the defendant knew or ought to have known that its conduct would naturally and probably result in injury or damage to the plaintiff or (2) the defendant intentionally pursued a course of conduct for the purpose of causing injury or damage to the plaintiff. Influencing the court's decision was the fact that none of the driver's previous accidents had injured anyone, the defendant required its driver to take remedial training after each previous accident, the driver had never had his license suspended or revoked, and he had never had any material traffic violations.

In the instant action, the claim for punitive damages is even more remote. Plaintiff must prove that Titan International knew that its conduct would "naturally and probably result in injury or damage" to plaintiff. That has not been adequately allegedly and cannot be demonstrated.

Even if, as alleged, Titan International's actions were negligent, this does not support an award of punitive damages. Negligence, however gross, will not support an award of punitive damages under Arkansas law. *Diamond Shamrock Corp. v.*

20

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 69

*Phillips*, 256 Ark. 886, 892, 511 S.W.2d 160, 164 (1974); *Edwards v. Stills*, 335 Ark. 470, 484, 984 S.W.2d 366, 373 (1998). Plaintiff is not entitled to an award of punitive damages in this case.

## H.   An Award Of Punitive Damages Would Be Unconstitutional.

Punitive damages should not be imposed upon Titan International in this matter, as any such award would violate due process protections because Titan International lacked "fair notice" that it could be subject to punishment under Arkansas law for any of the conduct alleged by plaintiff and directed patently at Titan International. In *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574 (1996), the United States Supreme Court emphasized that due process mandates that a defendant be given "fair notice" that its conduct may subject it to punishment and the amount of punishment that might be imposed as a result. To the extent that Arkansas law—which, on its face, would preclude a punitive damages award here— is invoked to permit the imposition of punitive damages, any such award would be unconstitutional under *Gore* because Titan International lacked "fair notice" of the conduct that would subject it to punishment. Plaintiff's request for an award of punitive damages should therefore be denied.

## IV.   CONCLUSION

For these reasons, defendant Titan International respectfully requests that plaintiff Ryan Miller's amended motion for default judgment be denied.

21

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 70

Vincent Chadick
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
Facsimile: (479) 444-6647
vchadick@qgtlaw.com

John E. Tull III
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com

By: _____
Vincent O. Chadick, Ark. Bar No. 94075

*Attorneys for Titan International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2021 I served by electronic correspondence and/or hand-delivery a copy of the foregoing upon all counsel of record.

_____
Vincent O. Chadick

22

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 71

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
CIVIL DIVISION

RYAN MILLER

PLAINTIFF

v.

Case No. 35CV-18-698

TITAN INTERNATIONAL, INC.

DEFENDANT

## AFFIDAVIT OF MICHAEL TROYANOVICH

I, Michael Troyanovich, upon first being duly sworn, states on oath as follows:

1.      My name is Michael Troyanovich. I am the General Counsel and Corporate Secretary for Titan International, Inc., the defendant in this case. I have personal knowledge of the facts and matters stated in this affidavit.

2.      I have read the Complaint filed in this action by the plaintiff.

3.      Titan International, Inc., did not "s[ell] and distribute[ off-road] tires in Arkansas," and neither did Titan Tire Corporation (formerly a defendant in this action). *Cf.*, Plaintiff's Complaint, ¶7.

4.      Titan International, Inc.'s "commercial aim" is not "to bring its products into the state of Arkansas". *Cf.*, *id.*

5.      Titan International, Inc., did not "engage[] in the distribution of its tires into the state of Arkansas, including through distributors". *Cf.*, Plaintiff's Complaint, ¶8.

6.      Titan International, Inc., does not "manufacture[], distribute[], sell[] and place[ its or Titan Tire Corporation's] off-road tires in the stream of commerce in the state of Arkansas". *Cf.*, Plaintiff's Complaint, ¶9.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 72

7.      Titan International, Inc., does not "directly market[] and sell[] their tires through []any Arkansas dealers". *Cf.*, Plaintiff's Complaint, ¶10.

8.      Titan International, Inc., does not engage in the manufacture, distribution or sale of tires, including the tire described in plaintiff's Complaint. Titan International, Inc., is a holding company, and its subsidiaries including Titan Tire Corporation (formerly a defendant in this action) and Titan Tire Corporation of Freeport.

9.      Contrary to the allegations in plaintiff's Complaint, the tires described by plaintiff, *e.g.*, Plaintiff's Complaint, ¶18, were not manufactured either by Titan International, Inc., or by Titan Tire Corporation; instead, the tires described by plaintiff were manufactured by Titan Tire Corporation of Freeport.

FURTHER AFFIANT SAYETH NOT.

_____
Michael Troyanovich

30 September 2021
_____
Date

STATE OF ILLINOIS        )
                                             )ss
COUNTY OF  ADAMS    )

Subscribed and sworn to before me this  30  day of  SEPTEMBER 2021.

_____
Notary Public

**"OFFICIAL SEAL"**
**DOREEN KENNEDY**
**NOTARY PUBLIC, STATE OF ILLINOIS**
**MY COMMISSION EXPIRES 5/19/2022**

5/19/2022
_____
Commission Expiration

2

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 73

FILED
FT SMITH DIST.

2021 SEP 30 PM 3 29
Ɑᴜᴉᴜᴇ Ɓᴀᴡ
CIR. CLERK SEB. CO.

## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
### FORT SMITH DISTRICT
### CIVIL DIVISION (VI)

**RYAN MILLER**                                                    **PLAINTIFF**

**V.**                              **CASE NO. CV-2021-461**

**TITAN INTERNATIONAL, INC.;**                                     **DEFENDANT**
**TITAN TIRE CORPORATION**

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT

The instant matter is a personal injury case.  Plaintiff Ryan Miller ("Plaintiff") filed his

Complaint and Jury Demand on June 29, 2021.  Plaintiff filed his Amended Motion for Default

Judgment on August 24, 2021 (the "Motion").  Separate Defendant Titan International, Inc.

("Titan International") filed a Response in Opposition to Plaintiff's Amended Motion for Default

Judgment on September 30, 2021.      Based on the pleadings and other court filings and

arguments of counsel at the September 30, 2021, hearing, the court denies Plaintiff's Motion for

Default Judgment without prejudice as further set forth herein.

In his Motion, Plaintiff alleges that he properly served Titan International via personal

service on July 16, 2021.  Plaintiff further alleges in his Motion that Titan International has

failed to file an answer and therefore default judgment should be granted against Titan

International.

Rule 12 of the Arkansas Rules of Civil Procedure provides that a "defendant shall file his

or her answer within 30 days after the service of summons and complaint upon him or her."

Ark. R. Civ. Proc. 12(a)(1).  There is no question that Titan has failed to file an answer or

1

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 74

responsive pleading within 30 days from alleged service of process. However, there is a question as to whether Plaintiff properly served Titan International in conformity with Rule 4 of the Arkansas Rules of Civil Procedure.

Rule 4 of the Arkansas Rules of Civil Procedure governs service of process.  Rule 4 requires that diligent efforts be made to serve a defendant via personal service under Rule 4(f) or Rule 4(g)(1) and (2).  Plaintiff asserts he obtained personal service on Titan International as reflected in the Affidavit of Service filed on July 19, 2021.  Such Affidavit of Service, which was also attached as Exhibit A to Plaintiff's Motion, states that "Titan International" was served via its "Reg Agent: The Corporation Trust Company".  The Affidavit of Service further notes that Titan was served outside the State of Arkansas, in Delaware.

The Arkansas Supreme Court has consistently held that "[t]he law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant." Patsy Simmons Limited Partnership v. Finch, 2010 Ark. 451, 370 S.W.3d 257, 260 (2010).  The Supreme Court further has further held that "[i]t is equally settled that service requirements set out by rules . . . must be strictly construed and compliance with them must be exact."  Id.  The court notes that this strict compliance standard does not apply in "nondefault situations" wherein a "substantial-compliance standard for process and service of process" is employed.  Ark. R. Civ. Proc. 4(k)(Addition to Reporter's Notes, 2019 Amendment).  However, this relaxed standard only applies when "the defendant received actual notice of the complaint **and** filed a timely answer."  Ark. R. Civ. Proc. 4(k)(emphasis added).  Stated clearly, "[s]ubdivision (k) retains the strict-compliance rule in default situations."  Ark. R. Civ. Proc. 4(k)(Addition to Reporter's Notes, 2019 Amendment).  In the instant matter, Titan International did not file a timely answer; therefore, strict compliance with Rule 4 is warranted.

2

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 75

Rule 4 allows a defendant to be served outside the State of Arkansas. However, when a defendant is served outside the State of Arkansas, then certain requirements as to the server and the agent of service must be met. When service is made outside that State of Arkansas, the server must be a "person authorized to serve process under the law of the place outside this state where service is made." Ark. R. Civ. Proc. 4(c)(2)(C). Further, service outside the State "may be made [b]y personal delivery in the same manner prescribed within this state." Ark. R. Civ. Proc. 4(h)(1) & (2). Service of process on a corporation can be accomplished by serving its registered agent. See Ark. R. Civ. Proc. 4(f)(5).

The issues with Rule 4 service in the instant matter are that there is no evidence in the record to establish 1) that the process server, namely Joseph McCarty, is licensed or otherwise authorized to serve process in the State of Delaware, and 2) that The Corporation Trust Company is the proper agent for service of process for Titan International in the State of Delaware. As stated above, Rule 4 allows a corporate defendant to be served outside the State of Arkansas and to be served by its registered service agent. However, there is nothing of record in this case to satisfy the requirements of Rule 4(c)(2)(C), as to the server, and Rule 4(h), as to the agent of service.

In light of the strict compliance required by the Arkansas Supreme Court concerning service of process, Plaintiff has not established that service of process has been properly perfected. Therefore, Plaintiff's Amended Motion for Default Judgment is denied without prejudice to refiling.

IT IS SO ORDERED this **30** day of September, 2021.

Greg Magness

Circuit Judge Division VI

3

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 76

FILED
FT SMITH DIST.

2021 DEC 1 PM 1 21
Corrine Barro Co.

## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
## CIVIL DIVISION

RYAN MILLER                                                      PLAINTIFF

v.                              Case No. CV-2021-461

TITAN INTERNATIONAL, INC.                                       DEFENDANT

### TITAN INTERNATIONAL, INC.'S ANSWER

Titan International, Inc. ("Titan International"), for its answer to Plaintiff Ryan Miller's complaint, states:

1.      Each and every allegation, statement, and assertion contained and set forth in Plaintiff's complaint is generally and specifically denied, except for those allegations, statements, and assertions specifically admitted herein.

2.      Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the complaint and therefore denies those allegations. Titan International admits the allegation in paragraph 2 of the complaint.

3.      Titan Tire Corporation has been dismissed from the suit, and therefore Titan International denies the allegations in paragraph 3 of the complaint.

4.      Titan International admits the allegations in paragraph 4 of the complaint.

5.      Titan International denies the allegations in paragraph 5 of the complaint.

6.      Paragraph 6 of the complaint does not contain factual allegations requiring an admission or a denial. To the extent a response is required, Titan International denies any allegations in paragraph 6 of the complaint.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 77

7.      Titan International denies the allegations in paragraph 7 of the complaint.

8.      Titan International denies the allegations in paragraph 8 of the complaint.

9.      Titan International denies the allegations in paragraph 9 of the complaint.

10.     Titan International denies the allegations in paragraph 10 of the complaint.

11.     Titan International denies the allegations in paragraph 11 of the complaint.

12.     Titan International denies the allegations in paragraph 12 of the complaint.

13.     Titan International denies the allegations in paragraph 13 of the complaint.

14.     Titan International denies the allegations in paragraph 14 of the complaint.

15.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the complaint and therefore denies those allegations.

16.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the complaint and therefore denies those allegations.

17.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint and therefore denies those allegations.

18.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the complaint and therefore denies those allegations.

19.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the complaint and therefore denies those allegations.

20.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the complaint and therefore denies those allegations.

21.     Titan International denies the allegations in paragraph 21 of the complaint.

22.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the complaint and therefore denies those allegations.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 78

23. Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the complaint and therefore denies those allegations.

24. Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the complaint and therefore denies those allegations.

25. Titan International denies the allegations in paragraph 25 of the complaint.

26. Titan International denies the allegations in paragraph 26 of the complaint.

27. Paragraph 27 of the complaint does not contain factual allegations requiring an admission or a denial. To the extent a response is required, Titan International denies any allegations in paragraph 27 of the complaint.

28. Titan International denies the allegations in paragraph 28 of the complaint.

29. Titan International denies the allegations in paragraph 29 of the complaint.

30. Titan International denies the allegations in paragraph 30 of the complaint.

31. In response to paragraph 31 of the complaint, Titan International restates and incorporates its responses to paragraphs 1 through 30.

32. Titan International denies the allegations in paragraph 32 of the complaint.

33. Titan International denies the allegations in paragraph 33 of the complaint.

34. Titan International denies the allegations in paragraph 34 of the complaint.

35. Titan International denies the allegations in paragraph 35 of the complaint.

36. Tian denies the allegations in paragraph 36 of the complaint.

37. Titan International denies the allegations in paragraph 37 of the complaint.

38. Titan International denies the allegations in paragraph 38 of the complaint, including the allegations contained in subparts (a) through (d).

39. Titan International denies the allegations in paragraph 39 of the complaint.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 79

40.     Titan International denies the allegations in paragraph 40 of the complaint.

41.     Titan International denies the allegations in paragraph 41 of the complaint.

42.     Titan International denies the allegations in paragraph 42 of the complaint.

43.     Titan International denies the allegations in paragraph 43 of the complaint.

44.     Titan International denies the allegations in paragraph 44 of the complaint.

45.     Titan International denies the allegations in paragraph 45 of the complaint.

46.     Titan International denies the allegations in paragraph 46 of the complaint.

47.     Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 47 of the complaint regarding plaintiff's conduct, and therefore denies that allegation. Titan International denies the allegations in paragraph 47 of the complaint.

48.     Titan International denies the allegations in paragraph 48 of the complaint.

49.     In response to paragraph 49 of the complaint, Titan International restates and incorporates its responses to paragraphs 1 through 48.

50.     Paragraph 50 of the complaint states a legal conclusion and does not make any allegations against Titan International, and, therefore, no response is required. To the extent paragraph 50 can be construed as making any allegations against Titan International, Titan International denies the allegations in paragraph 50.

51.     Titan International denies the allegations in paragraph 51 of the complaint.

52.     Titan International denies the allegations in paragraph 52 of the complaint.

53.     In response to paragraph 53 of the complaint, Titan International restates and incorporates its responses to paragraphs 1 through 52.

54.     Titan International denies the allegations in paragraph 54 of the complaint.

55.     Titan International denies the allegations in paragraph 55 of the complaint.

EXHIBIT 2 to NOTICE OF REMOVAL    PAGE 80

56. Titan International denies the allegations in paragraph 56 of the complaint.

57. Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the complaint, and therefore denies those allegations.

58. Titan International denies the allegations in paragraph 58 of the complaint.

59. Titan International lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 59 of the complaint, and therefore denies that allegation.

60. Titan International denies the allegations in paragraph 60 of the complaint.

61. In response to paragraph 61 of the complaint, Titan International restates and incorporates its responses to paragraphs 1 through 60.

62. Titan International denies the allegations in paragraph 62 of the complaint, including the allegations contained in subparts (a) through (l).

63. In response to paragraph 63 of the complaint, Titan International restates and incorporates its responses to paragraphs 1 through 62.

64. Titan International denies the allegations in paragraph 64 of the complaint.

65. Titan International denies the allegations in paragraph 65 of the complaint.

66. Titan International denies the allegations in paragraph 66 of the complaint.

67. Titan International denies the allegations in paragraph 67 of the complaint.

68. Titan International denies the allegations in paragraph 68 of the complaint.

69. Titan International denies the allegations in paragraph 69 of the complaint.

70. In response to paragraph 70 of the complaint, Titan International also requests a trial by jury on all appropriate issues.

71. Titan International denies the allegations in the *ad damnum* (*i.e.*, "WHEREFORE") paragraph of the complaint.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 81

72.     Titan International affirmatively states that the complaint should be dismissed under Rule 12(b)(2) for lack of jurisdiction over the person.

73.     Titan International affirmatively states that the complaint fails to state a claim against Titan International upon which relief can be granted and, therefore, Titan International should be dismissed under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

74.     Plaintiff's recovery against Titan International, if any, must be offset by any and all monies recovered from other sources.

75.     Titan International affirmatively asserts that Plaintiff is not entitled to recover punitive damages against Titan International under applicable provisions of the Constitution of the State of Arkansas and the United States Constitution based upon procedural and substantive constitutional limitations on the award of punitive damages.

76.     Titan International affirmatively asserts that Plaintiff is barred from recovery against Titan International by his own fault and specifically asserts the defense of comparative fault and contributory negligence as a total bar or reduction of any recovery.

77.     Titan International affirmatively states that Plaintiff has failed to give proper and timely notice of any claimed breach of warranty as required by Arkansas law.

78.     Titan International adopts by reference all affirmative defenses available to Titan International under the Arkansas Product Liability Act, Ark. Code Ann. §§ 16-116-101, et seq.

79.     Titan International reserves the right to assert any and all additional affirmative defenses, crossclaims, counterclaims, or third-party claims which discovery may reveal to be appropriate.

80.     Titan International expressly reserves the right to amend this answer and file other pleadings as appropriate.

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 82

WHEREFORE, Titan International. Inc., denies liability to Plaintiff and asks the Court to

enter judgment in its favor on all claims.

John E. Tull III (84150)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock. Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com

Vincent Chadick (94075)
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
Facsimile: (479) 444-6647
vchadick@qgtlaw.com

By: _____
John E. Tull III, Ark. Bar No. 84150

*Attorneys for Titan International. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of December 2021 I served by electronic
correspondence and/or hand-delivery a copy of the foregoing upon all counsel of record.

John E. Tull III

EXHIBIT 2 to NOTICE OF REMOVAL   PAGE 83